**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Jiankai Zhu,<br><br>*Petitioner*,<br><br>v.<br><br>Pamela BONDI, *et al.,*<br><br>*Respondents.* | **Case No: 2:26-cv-03289** |

**PETITIONER'S MOTION FOR**
**TEMPORARY RESTRAINING ORDER**
**AND ORDER TO SHOW CAUSE**
**WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

## INTRODUCTION

Petitioner Jiankai Zhu ("Mr. Zhu"), by and through his undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65(b) for an emergency Temporary Restraining Order ("TRO") immediately restraining and enjoining Respondents, their agents, servants, employees, and all persons acting in concert with them, from:

- 1 -

(1) Removing, transferring, or deporting Mr. Zhu from the United States or from the jurisdiction of this Court pending resolution of his Verified Petition for Writ of Habeas Corpus; and

(2) Continuing to detain Mr. Zhu beyond the statutory and constitutional limits established by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Mr. Zhu has been held in ICE custody at Elizabeth Contract Detention Facility since July 11, 2025. His removal order became administratively final on September 24, 2025. The mandatory 90-day removal period expired on December 23, 2025. The six-month presumptively reasonable detention period under *Zadvydas* expired on March 24, 2026. Respondents have not removed Mr. Zhu, have provided no credible evidence that removal to the People's Republic of China is reasonably foreseeable, and have falsely claimed to have obtained travel documents that do not exist. His continued detention is unlawful.

Absent emergency relief from this Court, Mr. Zhu faces the imminent and irreparable harm of continued unlawful imprisonment and, critically, the risk of removal to China before this Court can adjudicate his Habeas Petition. Such removal would strip this Court of jurisdiction and render any favorable ruling moot, foreclosing all judicial review of his unlawful detention. For the reasons set forth below, Mr. Zhu satisfies all four factors for emergency injunctive relief, and this Motion should be granted.

**STATEMENT OF FACTS**

**A. Mr. Zhu's Background and Detention History**

Mr. Zhu is a 49-year-old national of the People's Republic of China who entered the United States in or about June 2015. In 2016, he applied for asylum based on China's family planning policy and was placed in removal proceedings. During that time, he maintained lawful employment authorization, paid taxes continuously, and established deep ties to this country, including a marriage to a lawful permanent resident of the United States.

On July 11, 2025, Mr. Zhu was arrested on a suspicion of fraud. The following day, a criminal court released him. He was immediately thereafter transferred to ICE custody. On September 24, 2025, an Immigration Judge issued an order of removal. The order became administratively final that same day.

**B. The Statutory and Constitutional Deadlines Have Passed**

Under 8 U.S.C. § 1231(a)(1), ICE had 90 days from September 24, 2025, to remove Mr. Zhu. That removal period expired on December 23, 2025. Mr. Zhu was not removed. Under Zadvydas v. Davis, 533 U.S. 678, 701 (2001), six months of post-removal-order detention is presumptively unreasonable. That six-month period expired on March 24, 2026. As of the date of this Motion, Mr. Zhu has been in custody for more than eight months since the entry of his removal order, with no removal in sight.

- 3 -

China has a well-documented policy of refusing to accept nationals returned from the United States, particularly those who sought asylum on political grounds. ICE has not obtained, and upon information and belief cannot obtain, travel documents necessary to execute removal. The government's claim in its Notice of Revocation of Supervision that travel documents had been obtained is demonstrably false.

## C. The Government's Pretextual Basis for Continued Detention

Respondents have detained Mr. Zhu far beyond every statutory and constitutional benchmark without any legitimate justification. He has resided in the United States for over ten years, has a spouse who is a lawful permanent resident, has never attempted to evade immigration authorities, and poses no danger to the community. No legitimate governmental interest is served by his continued imprisonment.

## LEGAL STANDARD

A party seeking a temporary restraining order must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the immigration context, the Third Circuit has recognized that courts must be

particularly vigilant in preventing removal that would moot pending habeas proceedings. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

## ARGUMENT

### I. MR. ZHU IS LIKELY TO SUCCEED ON THE MERITS OF HIS HABEAS PETITION.

#### A. His Detention Violates the Plain Text of 8 U.S.C. § 1231.

The Immigration and Nationality Act is unambiguous: once the 90-day removal period expires without removal, the statute mandates supervision, not continued detention. 8 U.S.C. § 1231(a)(3) provides that an alien "shall be subject to supervision," not further confinement. The Supreme Court held in Jennings v. Rodriguez, 583 U.S. 281, 301 (2018), that "shall" imposes mandatory obligations. ICE had no statutory authority to continue holding Mr. Zhu after December 23, 2025.

#### B. His Detention Violates *Zadvydas v. Davis* and the Fifth Amendment.

Even assuming arguendo that some residual detention authority exists under § 1231(a)(6), Mr. Zhu's detention is plainly unconstitutional under *Zadvydas*. The Supreme Court held that post-removal-order detention exceeding six months is presumptively unreasonable unless the government can demonstrate, by clear and convincing evidence, that removal is "significantly likely" in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The six-month period expired on March 24, 2026. The government cannot meet its burden: China has consistently

refused repatriation of nationals who sought asylum, and ICE has not obtained, and cannot obtain, travel documents for Mr. Zhu.

**C. The Government's Detention Is Arbitrary and Capricious.**

ICE's continued detention of Mr. Zhu also violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), as it is arbitrary, capricious, and an abuse of discretion. The agency has presented no evidence of changed circumstances, no credible basis for continued confinement, and has made false representations to justify detention. This paradigmatic arbitrary agency action is reviewable and subject to reversal.

## II. MR. ZHU WILL SUFFER IRREPARABLE HARM ABSENT A TRO.

The irreparable harm to Mr. Zhu is manifest and ongoing. First, every additional day of unlawful imprisonment constitutes irreparable deprivation of liberty. The Supreme Court has held that "[f]reedom from imprisonment ... lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Liberty lost cannot be recaptured by monetary compensation.

Second, and of critical importance, Mr. Zhu faces imminent risk of deportation to China. If Respondents remove him before this Court rules on his Habeas Petition, this Court will be stripped of jurisdiction and his petition will be rendered moot. Courts in this Circuit have consistently recognized that imminent

removal mooting habeas proceedings constitutes irreparable harm per se. *See Nken*, 556 U.S. at 435.

Third, Mr. Zhu's unlawful detention has caused and continues to cause additional irreparable injury: loss of employment and income supporting his family; forced separation from his lawful permanent resident spouse; deterioration of his physical and mental health under conditions of prolonged confinement; and destruction of the home and professional life he built over more than a decade in the United States.

## III. THE BALANCE OF EQUITIES OVERWHELMINGLY FAVORS MR. ZHU.

The hardships in this case are entirely asymmetrical. Mr. Zhu faces continued unlawful imprisonment and the permanent loss of his right to judicial review through removal. By contrast, Respondents suffer no cognizable harm from a short stay of removal pending judicial review. The government has no legitimate interest in removing a person whose removal is not reasonably foreseeable, who poses no flight risk or danger, and whose detention has already exceeded every statutory and constitutional limit.

Courts have consistently held that the government suffers no irreparable injury from being enjoined from violating federal law. Courts do not balance a

cognizable harm against zero. The balance here points only in one direction: toward granting relief.

## IV. THE PUBLIC INTEREST FAVORS GRANTING THE TRO.

The public interest is served by enforcing the Constitution and federal statutory limits on detention. The rule of law and the separation of powers demand that the Executive Branch operate within the authority conferred by Congress and the Constitution. Permitting ICE to detain individuals indefinitely beyond every statutory and constitutional benchmark, based on fabricated justifications, undermines the integrity of the immigration system and the judiciary's role in checking executive overreach.

Moreover, Mr. Zhu's situation is not unique. ICE maintains records of thousands of individuals with old removal orders and, absent judicial oversight, could strategically arrest and detain any of them indefinitely. A TRO here reinforces the principle, recognized in *Zadvydas*, that civil detention must bear a reasonable relation to its purpose and cannot become the vehicle for indefinite punishment.

## RELIEF REQUESTED

For the foregoing reasons, Petitioner Jiankai Zhu respectfully requests that this Court issue an emergency Temporary Restraining Order:

1. Immediately restraining and enjoining Respondents, their agents, employees, and all persons acting in concert with them, from removing, deporting, or transferring Petitioner Jiankai Zhu outside the jurisdiction of this Court pending resolution of his Verified Petition for Writ of Habeas Corpus;

2. Ordering Respondents to immediately release Petitioner Jiankai Zhu from detention at Elizabeth Contract Detention Facility and to place him under reasonable conditions of supervision pending resolution of this matter, given that his detention violates 8 U.S.C. § 1231 and *Zadvydas v. Davis*;

3. Issuing an Order to Show Cause directing Respondents to appear before this Court and show cause why a Preliminary Injunction should not issue during the pendency of this action;

4. Directing Respondents to file a written response addressing the Habeas Petition and this Motion within forty-eight (48) hours; and

5. Granting such other and further relief as this Court deems just and proper.

Dated: March 30, 2026
Respectfully submitted,

s/ Franklin S. Montero
**Franklin S. Montero, Esq.**

Law Office of Franklin S. Montero
451 Clifton Ave, Clifton, NJ 07011
Tel: (973) 777-8718
Montero@fmonterolaw.com


s/ Theodore N. Cox
**Theodore N. Cox, Esq.**
(Pro Hac Vice Motion Pending)
Law Office of Theodore N. Cox
325 Broadway, Suite 201, New York, NY 10007
Tel: (212) 925-1208
tedcoxecf@gmail.com


Attorneys for Petitioner Jiankai Zhu